```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**OHIO SECURITY INSURANCE COMPANY,**

        **Plaintiff,**

**v.**                                **CIVIL ACTION NO. 1:15-16264**

**K R ENTERPRISES, INC., et al.,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion to appoint a guardian ad litem for Jeremy Evans or to issue another appropriate order. (ECF No. 23). For reasons expressed more fully below, the motion to appoint a guardian ad litem is **GRANTED**.

Plaintiff Ohio Security Insurance Company ("Ohio Security") is an insurance company organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts. See Amended Complaint ¶ 5. Defendant K R Enterprises, Inc. ("K R Enterprises") is a Virginia corporation with its principal place of business located in Martinsville, Virginia. See id. at ¶ 6. Defendant Jackson Hewitt, Inc. is a Virginia corporation with its principal place of business in Parsippany, New Jersey. See id. at ¶ 7. During the relevant time period, Ohio Security issued a BusinessOwners Liability Policy to K R Enterprises, Policy Number BZS (15) 56 08 16 29.

See Amended Complaint at ¶ 60.  The Ohio Security Policy also included Data Compromise and CyberOne Coverage endorsements.  See id. at ¶¶ 73 and 75.

The instant dispute centers on fraudulent tax returns filed by defendant Jeremy Evans, a former employee of defendant K R Enterprises, doing business as Jackson Hewitt.[1]  Specifically, former customers of K R Enterprises have alleged that Evans improperly accessed the records of K R Enterprises to obtain their personal and confidential information for the purpose of fraudulently filing their 2014 income tax returns.  All of the former customers had sought assistance preparing their 2013 tax returns from K R Enterprises and their confidential information had been saved in the company's database.

Upon discovering Evans' conduct, these customers of K R Enterprises filed suit in the Circuit Court of McDowell County, West Virginia, against Evans, K R Enterprises, and Jackson Hewitt raising various state law claims including, but not limited to, Breach of Fiduciary Duty, Negligence, and Invasion of Privacy.  There are six of these lawsuits currently pending in the McDowell County Circuit Court.  All of the state lawsuits allege that Evans was arrested on or about February 4, 2015, at a K R Enterprise location and that Evans admitted to police that he had

---

[1] According to the Amended Complaint, there was a franchise agreement between K R Enterprises and Jackson Hewitt.  See Amended Complaint at ¶ 3.

used the customers' 2013 tax return information to fraudulently file 2014 tax returns in their names.  For his part, Evans faces criminal charges of identity theft, attempted felony, forgery, uttering, petit larceny, and fraudulent schemes.

On December 18, 2015, Ohio Security Insurance Company filed the instant declaratory judgment action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and, on March 14, 2016, it filed an amended complaint.  Ohio Security asks this court to determine that it has no duty to defend or indemnify K R Enterprises, Evans, or Jackson Hewitt under the BusinessOwners liability coverage and/or the Data Compromise and CyberOne coverage for the six underlying lawsuits.

Because Jeremy Evans is incarcerated, he is not legally competent to consent to service and thus cannot be properly served.  Under Federal Rule of Procedure 17(b)(1), the capacity of an individual to be sued is determined by the law of the individual's domicile."  At the time Ohio Security filed the instant motion, this court had found that Evans was domiciled in West Virginia.  See Memorandum Opinion and Order, Sacra, et al. v. Jackson Hewitt, Inc., et al., 1:15-cv-16265 (S.D.W. Va. Feb. 19, 2016) (ECF No. 23 at p.9).

As this court has found on another occasion,

> "[F]or an individual who is not acting in a
> representative capacity," the individual's capacity
> to be sued is determined "by the law of the
individual's domicile[.]"  Fed. R. Civ. P. 17(b)(1).  As stated

3

in this Court's prior Order, Defendant Davis' domicile is West Virginia and he is incarcerated in West Virginia. Thus, the Court must look to West Virginia law to determine what protections, if any, Defendant Davis is entitled to receive.

> In considering this precise issue, the Fourth Circuit ruled in <u>Siers v. Greiner</u>, No. 92-6501, 1993 WL 3475 (4th Cir. Jan. 11, 1993), that the district court erred in not appointing a guardian ad litem for an inmate whose ex-wife sought to enforce outstanding judgments against him by intervening in a civil action in which he was awarded $15,000. 1993 WL 3475, at *1. In reaching this result, the Fourth Circuit relied upon West Virginia Code § 28-5-36 and the West Virginia Supreme Court's interpretation of that statute in <u>Craigo v. Marshall</u>, 175 W.Va. 72, 331 S.E.2d 510 (W. Va. 1985).

<u>Branch Banking and Trust Co. v. Davis</u>, Civil Action No. 3:04-01055, 2008 WL 5099627, *2 (S.D.W. Va. Dec. 2, 2008).

The West Virginia Rules of Civil Procedure require that when a civil suit is brought against an incarcerated person, service be made on

> that person's committee, guardian, or like fiduciary resident in the State; or, if there be no such committee, guardian, or like fiduciary . . . service of process shall be made upon a guardian ad litem appointed under Rule 17(c).

W. Va. R. Civ. P. 4(d)(4).

West Virginia Rule of Civil Procedure 17(c) provides as follows:

> Whenever an infant, incompetent person, or convict had a representative, such as a general guardian, curator, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant, incompetent person, or convict. An infant, incompetent person, or convict who does not have a duly appointed representative

> may sue by a next friend or by a guardian ad litem.
> The court or clerk shall appoint a discreet and
> competent attorney at law as guardian ad litem for
> an infant, incompetent person, or convict not
> otherwise represented in an action, or shall make
> such other order as it deems proper for the
> protection of the infant, incompetent person, or
> convict.  A guardian ad litem is deemed a party for
> purposes of service; failure to serve a guardian ad
> litem in circumstances where service upon a party
> is required constitutes failure to serve a party.

W. Va. R. Civ. P. 17(c).

In accordance with these authorities, the court will appoint a guardian ad litem for Jeremy Evans for the limited purpose of effecting service upon him.  Based on the foregoing, the court **GRANTS** Ohio Security's motion to appoint a guardian ad litem.  Ohio Security should file a proposed order consistent with this opinion that: 1) names Mr. Thompson as Evans' guardian if he willing and able do so or, in the alternative, another individual who will undertake such an appointment; and 2) indicates how the guardian ad litem is to be compensated.  The proposed order should also advise the guardian ad litem to provide written notice to the court when service has been effected and, if feasible, be accompanied by a writing signed by Evans indicating how he wishes to proceed in this matter.  Furthermore, pursuant to Federal Rule of Civil Procedure 4(m), the court finds that good cause exists to extend the time limits for service upon defendant Evans and plaintiff has sixty (60)

days from entry of the Memorandum Opinion and Order in which to effectuate service upon Jeremy Evans.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 27th day of March, 2017.

                    ENTER:

                    *David A. Faber*
                    David A. Faber
                    Senior United States District Judge