IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**OHIO SECURITY INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                  **CIVIL ACTION NO. 1:15-16264**

**K R ENTERPRISES, INC., et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is plaintiff's motion for leave to file an amended complaint. (Doc. No. 52). For the reasons that follow, that motion is **GRANTED**.

## Factual and Procedural Background

The instant dispute centers on fraudulent tax returns filed by defendant Jeremy Evans, a former employee of defendant K R Enterprises, doing business as Jackson Hewitt.[1] Specifically, former customers of K R Enterprises have alleged that Evans improperly accessed the records of K R Enterprises to obtain their personal and confidential information for the purpose of fraudulently filing their 2014 income tax returns. All of the former customers had sought assistance preparing their 2013 tax returns from K R Enterprises and their confidential information had been saved in the company's database.

---

[1] According to the Amended Complaint, there was a franchise agreement between K R Enterprises and Jackson Hewitt. See Amended Complaint at ¶ 3.

1

Upon discovering Evans' conduct, certain customers of K R Enterprises filed suit in the Circuit Court of McDowell County, West Virginia, against Evans, K R Enterprises, and Jackson Hewitt raising various state law claims including, but not limited to, Breach of Fiduciary Duty, Negligence, and Invasion of Privacy. There are six of these lawsuits currently pending in the McDowell County Circuit Court.[2] All of the state lawsuits allege that Evans was arrested on or about February 4, 2015, at a K R Enterprise location and that Evans admitted to police that he had used the customers' 2013 tax return information to fraudulently file 2014 tax returns in their names.

Plaintiff Ohio Security Insurance Company ("Ohio Security") issued a BusinessOwners Liability Policy to K R Enterprises, Policy Number BZS (15) 56 08 16 29. See Amended Complaint at ¶ 60. The Ohio Security Policy also included Data Compromise and CyberOne Coverage endorsements. See id. at ¶¶ 73 and 75.

On December 18, 2015, Ohio Security Insurance Company filed a declaratory judgment action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and, on March 14, 2016,

---

[2] These lawsuits are as follows: Bailey, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-50; Morgan v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-49; Presley, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-48; Sacra, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-117; Vanover, et al. v. Jackson Hewitt, Inc., et al., No. 15-C-58; Wheeler, et al. v. Jackson Hewitt, Inc., et al., No. 15-C-48. See Amended Complaint at ¶¶ 18-59.

2

it filed an amended complaint. Ohio Security asks this court to determine that it has no duty to defend or indemnify K R Enterprises, Evans, or Jackson Hewitt[3] under the BusinessOwners liability coverage and/or or the Data Compromise and CyberOne coverage for the six underlying lawsuits.

On March 17, 2017, plaintiff filed a motion for leave to file a second amended complaint seeking to add Cathy S. Goodman as a defendant to the lawsuit. On February 27, 2017, Goodman had filed an amended complaint in the Circuit Court of Wood County raising allegations similar to the six underlying lawsuits and naming Jackson Hewitt, Ohio Security, Evans, and K R Enterprises as defendants. (ECF No. 52-1). Ohio Security was served with the Goodman complaint on March 8, 2017, and file its motion to amend on March 17, 2017. The defendants who are plaintiffs in the underlying lawsuits oppose the motion to amend. (ECF No. 56).

## Analysis

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleading "once as a matter of course at any time before a responsive pleading is served . . . [o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely

---

[3] The Amended Complaint alleges that Jackson Hewitt might be an additional insured under the Policy. See Amended Complaint at ¶¶ 80-82.

given when justice so requires."  In Foman v. Davis, 371 U.S. 178, 182 (1962), the United States Supreme Court noted that amendment under Rule 15(a) should be freely given absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."

However, in the Southern District of West Virginia, it is well established that "[o]nce the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b) [of the Federal Rules of Civil Procedure].  If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)."  Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W. Va. 1995) (citing Lone Star Transp. Corp. v. Lafarge Corp., Nos. 93-1505, 93-1506, 1994 WL 118475 (4th Cir. April 7, 1994)).

A. Rule 16(b) Good Cause

As the deadline for amended pleadings passed prior to the filing of this motion, plaintiff must satisfy the "good cause" standard of Rule 16(b) in addition to meeting the requirements of Rule 15(a).  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the

party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992); Marcum, 163 F.R.D. at 254 (citing Johnson).

After a review of the record, it appears to the court that plaintiff was diligent in filing its motion to amend the complaint. The Goodman lawsuit was not even filed until after the deadline for amendments had passed and, therefore, it was impossible for plaintiff to seek leave time to amend within the timeframe set forth in the scheduling order. Furthermore, Ohio Security filed the instant motion shortly after being served with Goodman's state court complaint. Based on the foregoing, Ohio Security has met the "good cause" standard of Rule 16(b).

B. Rule 15(a)

Advancing now to the requirements of Rule 15(a), the court further finds that there has been no undue delay, bad faith, or dilatory motive on the part of plaintiff in filing its motion to amend. Furthermore, the court cannot say that the proposed amendment would be futile given that Goodman's complaint raises the same coverage issues already before the court. Finally, the court is not persuaded by defendants' arguments regarding the prejudice it will allegedly suffer if amendment is allowed. As this court has previously noted, the coverage decision regarding the duty to defend will require this court to compare the underlying complaints filed in state court against the insurance

policies at issue herein.  To the extent that the allegations in Goodman's complaint may differ somewhat from those in the other six lawsuits, the court is confident in counsel's ability to highlight those differences to the court and in its own ability to understand those differences.

## Conclusion

As outlined more fully above, plaintiff's motion for leave to file amended complaint is **GRANTED** and the Clerk is directed to file the amended complaint attached as Exhibit 2 to plaintiff's motion.  (ECF No. 52-2).  Furthermore, because of the court's ruling on the motion to amend, plaintiff's motion for judgment on the pleadings (Doc. No. 61) is **DENIED** without prejudice as moot.[4] If it chooses, plaintiff may renew its motion by refiling the same motion or file a new motion consistent with the amended complaint if appropriate.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record and to any unrepresented

---

[4] "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mt. Ranier, 238 F.3d 567, 572 (4th Cir. 2001).  "It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot." Catlin Specialty Ins. Co. v. Jafrum International, Inc., Civil Action No. 3:14-CV-607-RJC-DCK, 2015 WL 10434683, *3 (W.D.N.C. Sept. 14, 2015) (recommending that district court deny as moot motion for judgment on the pleadings where leave to file amended complaint had been granted and amended complaint superseded earlier complaint).

6

parties.  The Clerk is further directed to send a copy to defendant Evans c/o attorney David G. Thompson.

IT IS SO ORDERED this 22d day of May, 2017.

ENTER:

*David A. Faber* (signature)

David A. Faber
Senior United States District Judge