**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD**

**OHIO SECURITY INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 1:15-16264**

**K R ENTERPRISES, INC., et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

There were a number of motions pending before the court in this matter. On September 27, 2017, a hearing was held on those motions. By Order entered on December 8, 2017, the court ruled on a number of those motions. The reasons for those rulings follow.

### I. Factual and Procedural Background

Plaintiff Ohio Security Insurance Company ("Ohio Security") is an insurance company organized under the laws of New Hampshire with its principal place of business in Boston, Massachusetts. See Second Amended Complaint ¶ 5. Defendant K R Enterprises, Inc. ("K R Enterprises") is a Virginia corporation with its principal place of business located in Martinsville, Virginia. See id. at ¶ 6. Defendant Jackson Hewitt, Inc. is a Virginia corporation with its principal place of business in Parsippany, New Jersey. See id. at ¶ 7. During the relevant time period, Ohio Security issued a BusinessOwners Liability Policy to K R

Enterprises, Policy Number BZS (15) 56 08 16 29.  See Amended Complaint at ¶ 68.  The Ohio Security Policy also included Data Compromise and CyberOne Coverage endorsements.  See id. at ¶¶ 81 and 83.

The instant dispute centers on fraudulent tax returns filed by defendant Jeremy Evans, a former employee of defendant K R Enterprises, doing business as Jackson Hewitt.[1]  Specifically, former customers of K R Enterprises have alleged that Evans improperly accessed the records of K R Enterprises to obtain their personal and confidential information for the purpose of fraudulently filing their 2014 income tax returns.  All of the former customers had sought assistance preparing their 2013 tax returns from K R Enterprises and their confidential information had been saved in the company's database.

Upon discovering Evans' conduct, these customers of K R Enterprises filed suit in the Circuit Court of McDowell County, West Virginia, against Evans, K R Enterprises, and Jackson Hewitt raising various state law claims including, but not limited to, Breach of Fiduciary Duty, Negligence, and Invasion of Privacy. There are six of these lawsuits currently pending in the McDowell

---

[1] According to the Second Amended Complaint, there was a franchise agreement between K R Enterprises and Jackson Hewitt. See Amended Complaint at ¶ 3.

County Circuit Court.[2] All of the state lawsuits allege that Evans was arrested on or about February 4, 2015, at a K R Enterprise location and that Evans admitted to police that he had used the customers' 2013 tax return information to fraudulently file 2014 tax returns in their names. For his part, Evans faces criminal charges of identity theft, attempted felony, forgery, uttering, petit larceny, and fraudulent schemes.

On December 18, 2015, Ohio Security Insurance Company filed the instant declaratory judgment action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and, on March 14, 2016, it filed an amended complaint. Ohio Security asks this court to determine that it has no duty to defend or indemnify K R Enterprises, Evans, or Jackson Hewitt[3] under the BusinessOwners liability coverage and/or or the Data Compromise and CyberOne coverage for the six underlying lawsuits.

On March 23, 2017, the court denied defendants' motions to dismiss and/or stay urging the court to decline to exercise its

---

[2] These lawsuits are as follows: Bailey, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-50; Morgan v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-49; Presley, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-48; Sacra, et al. v. Jackson Hewitt, Inc., et al., Civil Action No. 15-C-117; Vanover, et al. v. Jackson Hewitt, Inc., et al., No. 15-C-58; Wheeler, et al. v. Jackson Hewitt, Inc., et al., No. 15-C-48. See Amended Complaint at ¶¶ 18-59.

[3] The Second Amended Complaint alleges that Jackson Hewitt might be an additional insured under the Policy. See Second Amended Complaint at ¶¶ 88-90.

authority under the Declaratory Judgment Act in favor of allowing the issue of coverage to be resolved by the pending state actions. See ECF No. 54. In so doing, the court considered the Nautilus factors and found that the entanglement factor weighed in favor of retaining jurisdiction and that the efficiency factor weighed slightly in favor of retaining jurisdiction. See id.

Thereafter, on May 22, 2017, the court granted Ohio Security's motion to amend the complaint to add Cathy S. Goodman as a defendant to the lawsuit. See ECF No. 70. On February 27, 2017, Goodman had filed an amended complaint in the Circuit Court of Wood County raising allegations similar to the six underlying lawsuits pending in McDowell County and naming Jackson Hewitt, Ohio Security, Evans, and K R Enterprises as defendants. See id.

## II. Analysis

A. *Defendants' Renewed Motion to Dismiss or Stay.*

Defendants urge the court to reconsider its earlier ruling denying their motions to dismiss and/or stay, arguing that subsequent developments with respect to Jeremy Evans suggest that this court's decision with respect to the efficiency factor was wrong. As this court noted in its earlier order, the Fourth Circuit Court of Appeals has enunciated four specific factors by which the court's analysis is to be guided:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided

> in the state courts; (ii) whether the issues raised in
> the federal action can more efficiently be resolved in
> the court in which the state action is pending; . . .
> (iii) whether permitting the federal action to go forward
> would result in unnecessary "entanglement" between the
> federal and state court systems, because of the presence
> of "overlapping issues of fact or law" [; and (iv)]
> whether the declaratory judgment action is being used
> merely as a device for "procedural fencing" – that is,
> "to provide another forum in a race for res judicata" or
> "to achieve a federal hearing in a case otherwise not
> removable."

Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 257 (4th Cir. 1996)(quoting Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 376 (4th Cir. 1994)).

> Yet, clear as it is that district courts have
> discretion to stay or dismiss declaratory judgment
> actions when parallel state proceedings are underway
> that present opportunity for ventilation of the same
> state law issues, it is equally clear that this
> discretion is by no means unfettered. Indeed, allowing
> unfettered discretion would not give effect to
> Congress's clear intention in enacting the Declaratory
> Judgment Act to make the declaratory remedy available,
> as a general matter, in federal lawsuits. Thus, absent
> a good reason not to exercise jurisdiction, federal
> courts should hear declaratory judgment actions and
> provide declaratory relief where it is warranted by law
> and by the facts and circumstances of a particular
> case.

Zurich American Ins. Co. v. Public Storage, 697 F. Supp.2d 640, 643 (E.D. Va. 2010) (internal citations and quotations omitted).

Even if this court were to accept defendants' arguments regarding the efficiency factor vis a vis Ohio Security's representations and actions with respect to Jeremy Evans, the court still believes that the entanglement factor weighs in favor of this court retaining jurisdiction. As the court noted with

-5-

respect to the entanglement factor, under Virginia law, determining whether an insurer has a duty to defend is relatively straightforward.  In deciding whether Ohio Security has a duty to defend K R Enterprises, Jackson Hewitt and Evans in the underlying lawsuits, under Virginia's "eight corners rule" the court looks only to the underlying complaints and determines whether the allegations therein come within the scope of the Policy's coverage.  <u>AES Corp. v. Steadfast Ins. Co.</u>, 725 S.E.2d 532, 535 (2012); <u>see also CACI Int'l, Inc. v. St. Paul Fire and Marine Ins. Co.</u>, 566 F.3d 150, 155–56 (4th Cir. 2009); <u>Fuisz v. Selective Ins. Co. of Am.</u>, 61 F.3d 238, 242 (4th Cir. 1995).  If the complaint alleges any facts that, if proved, would render Ohio Security liable under the Policy for a judgment against K R Enterprises and Jackson Hewitt, then Ohio Security must defend them in the underlying lawsuits.  <u>See</u> <u>CACI</u>, 566 F.3d at 155.  But if it is clear that Ohio Security would not be liable under the Policy for any judgment based on the allegations in the state court complaints, then Ohio Security has no such duty to defend. <u>See</u> <u>id.</u>  For this reason, the court can discern no entanglement between the issues raised in this lawsuit and the underlying lawsuits.  Accordingly, the court finds that the "entanglement" factor weighs in favor of accepting jurisdiction.[4]

---

[4] Although defendants made a brief argument during the hearing that West Virginia law should govern interpretation of the contract, they have failed to come forward with any evidence,

-6-

Finding no compelling reason to revisit its earlier ruling that this declaratory judgment action should go forward, the renewed motion to dismiss and/or stay was denied.

B.   *Cathy Goodman's Motion to Dismiss.*

Defendant Cathy Goodman moves the dismiss the Second Amended Complaint as to her under the "first-to-file" rule.  The Goodman lawsuit was filed in state court on February 9, 2017, and later removed to the United States District Court for the Northern District of West Virginia.  Ohio Security contends that, because its declaratory judgment action (in which Goodman was not named as a defendant) was filed before the Goodman lawsuit was filed, this court should not dismiss Goodman from this lawsuit.  By Order entered on July 31, 2017, Judge Bailey denied Ohio

---

or case authority for that matter, to support their argument.  In any event, West Virginia also follows the "eight corners" rule in resolving the duty to defend.  See Essex Ins. Co. v. Napple's Bullpen, LLC, 33 F. Supp.3d 667, 673 (N.D.W. Va. 2014) ("The West Virginia Supreme Court has found that an insurance company may decide `whether it must provide liability coverage and/or a defense to the insured based upon two documents: the complaint, and the insurance policy.' West Virginia Fire & Cas. Co. v. Stanley, 216 W. Va. 40, 602 S.E.2d 483, 498-99 (2004).  Thus resolution of the duty-to-defend question `requires examination of (1) the policy language to ascertain the terms of the coverage and (2) the underlying complaint to determine whether any claims alleged therein are covered by the policy.' Fuisz v. Selective Ins. Co. of Am., 61 F.3d 238, 242 (4th Cir. 1995).  `This principle is [sometimes] known as the `eight corners rule' because the determination is made by comparing the `four corners' of the underlying complaint with the `four corners' of the policy.' First Tenn. Bank Nat'l Ass'n v. St. Paul Fire & Marine Ins. Co., 501 F. App'x 255 (4th Cir. 2012).").

Security's motion to stay the Goodman case in that court pending resolution of this case.

Under the first-to-file rule, a district court may, in its discretion, dismiss, stay, or transfer a later filed lawsuit in deference to the first-filed action. See <u>Allied-General Nuclear Servs. v. Commonwealth Edison Co.</u>, 675 F.2d 610, 611 n.1 (4th Cir. 1982) ("Ordinarily, when multiple suits are filed in different Federal courts upon the same factual issues, the first or prior action is permitted to proceed to the exclusion of another subsequently filed."). Given that Cathy Goodman was added as a defendant to this lawsuit after she had already filed her own lawsuit, the court agrees that her lawsuit was the first-filed. Furthermore, unless this court grants Cathy Goodman's motion to dismiss, she will be a party to two federal lawsuits that involve overlapping issues and which could, in theory, produce inconsistent results. Based on the foregoing, the court granted Goodman's motion to dismiss.

C.  *Motion for Default Entry of Default and Default Judgment against K R Enterprises.*

Because K R Enterprises did not answer the Second Amended Complaint, Ohio Security moved for the entry of default and a default judgment as to K R Enterprises. However, K R Enterprises has appeared in this lawsuit, answering both the original and first amended complaints. Between the filing of the First and Second Amended Complaints, counsel for K R Enterprises was

permitted to withdraw as counsel of record due to nonpayment of fees.

In a series of cases, Judge Goodwin has made a rather compelling argument about why a court should be reluctant to enter a default judgment in a declaratory judgment action.

> As a general principle, this court is wary of entering default judgment in a suit for declaratory relief. By nature, a declaratory judgment action is jurisdictionally unique. I am uncomfortable with the idea of providing declaratory relief where the merits of a case have not been fully litigated. See Restatement 2d Judgment § 33 (stating that a court "should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief").
>
> My concern about entering declaratory judgment by default is particularly pronounced in insurance disputes. When a declaratory judgment action is brought by an insurance carrier, the suit may influence the way courts later interpret other identical policies. I do not believe that an individual insured's failure to respond in a given action is sufficient justification for a declaration that may later affect non-party policy holders. For this reason, I generally decline to enter default judgment in such cases when a party has appeared to oppose the default judgment. In such cases, I believe that less drastic sanctions are the more appropriate remedy.

Teachers Ins. Co. v. Prather, Civil Action No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D.W. Va. Jan. 11, 2012); see also State Auto Property and Cas. Ins. Co. v. Fas Chek Enterprises, Inc., Civil Action No. 2:15-cv-00809, 2015 W: 1894011, *2 (S.D.W. Va. Apr. 27, 2015) ("Generally, I decline to enter default judgment

in such cases when the nonmoving party has demonstrated opposition to it in some manner.").

The instant situation presents an even more compelling reason why this court should decline to enter a default judgment against K R Enterprises. K R Enterprises' failure to answer the second amended complaint is a result of its failure to pay its attorneys' fees. It is unable to pay its attorneys' fees because its insurance carrier has stated that it has no duty to defend.

For these reasons, the court granted Ohio Security's motion insofar as it asked the Clerk to enter default but the motion for a default judgment was denied.

D. *Motion for Default Entry of Default and Default Judgment against Jeremy W. Evans.* (ECF No. 104)

Unlike K R Enterprises, Jeremy Evans has never appeared in this case. Accordingly, it is proper for the Clerk to enter default and that portion of the motion is **GRANTED**. However, for the reasons stated in the Judge Goodwin cases, the motion for a default judgment is **DENIED**.

E. *Joint Motion to Modify Amended Scheduling Order.*

The court granted the joint motion to modify the Amended Scheduling Order and continued the dates therein generally. Within 14 days of entry of this Memorandum Opinion and Order, the parties are **DIRECTED** to confer and provide proposed dates to the court for a new scheduling order. Based upon the representations

of counsel at the hearing, this court is particularly interested in an agreed deadline for the filing of dispositive motions.

### III. Conclusion

The motion for entry of default as to Jeremy W. Evans is **GRANTED** and the motion for default judgment is **DENIED**.

The Clerk is directed to send copies of this Memorandum Opinion and Order to counsel of record.

It is **SO ORDERED** this 14th day of December, 2017.

ENTER:

David A. Faber
Senior United States District Judge