IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD

**OHIO SECURITY INSURANCE COMPANY,**

    **Plaintiff,**

**v.**                                      **CIVIL ACTION NO. 1:15-16264**

**K R ENTERPRISES, INC., et al.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Pending before the court is: (1) plaintiff's renewed motion for default judgment against K R Enterprises and (2) K R Enterprises' motion to set aside the Clerk's entry of default. (ECF Nos. 139 and 145). For the reasons discussed below, the renewed motion for default judgment is **DENIED** and the motion to set aside the Clerk's entry of default is **GRANTED.**

The background of this case is detailed in the court's earlier orders. ECF Nos. 54 and 111.

*Renewed motion for default judgment*

In denying Ohio Security's first motion for a default judgment against K R Enterprises, the court noted:

> Because K R Enterprises did not answer the Second Amended Complaint, Ohio Security moved for the entry of default and a default judgment as to K R Enterprises. However, K R Enterprises has appeared in this lawsuit, answering both the original and first amended complaints. Between the filing of the First and Second Amended Complaints, counsel for K R Enterprises was permitted to withdraw as counsel of record due to nonpayment of fees.

In a series of cases, Judge Goodwin has made a rather compelling argument about why a court should be reluctant to enter a default judgment in a declaratory judgment action.

> As a general principle, this court is wary of entering default judgment in a suit for declaratory relief. By nature, a declaratory judgment action is jurisdictionally unique. I am uncomfortable with the idea of providing declaratory relief where the merits of a case have not been fully litigated. See Restatement 2d Judgment § 33 (stating that a court "should not make a declaration upon default on the basis of the pleadings alone but should require the plaintiff to present enough evidence to warrant the granting of declaratory relief").
>
> My concern about entering declaratory judgment by default is particularly pronounced in insurance disputes. When a declaratory judgment action is brought by an insurance carrier, the suit may influence the way courts later interpret other identical policies. I do not believe that an individual insured's failure to respond in a given action is sufficient justification for a declaration that may later affect non-party policy holders. For this reason, I generally decline to enter default judgment in such cases when a party has appeared to oppose the default judgment. In such cases, I believe that less drastic sanctions are the more appropriate remedy.

Teachers Ins. Co. v. Prather, Civil Action No. 2:11-cv-00397, 2012 WL 90095, at *2 (S.D.W. Va. Jan. 11, 2012); see also State Auto Property and Cas. Ins. Co. v. Fas Chek Enterprises, Inc., Civil Action No. 2:15-cv-00809, 2015 W: 1894011, *2 (S.D.W. Va. Apr. 27, 2015) ("Generally, I decline to enter default judgment in such cases when the nonmoving party has demonstrated opposition to it in some manner.").

The instant situation presents an even more compelling reason why this court should decline to enter a default judgment against K R Enterprises. K R

2

> Enterprises' failure to answer the second amended complaint is a result of its failure to pay its attorneys' fees. It is unable to pay its attorneys' fees because its insurance carrier has stated that it has no duty to defend.

ECF No. 111 at 9-10.

The court has seen nothing in the parties' further briefs on this issue to convince it that entry of a default judgment against K R Enterprises is appropriate. K R Enterprises' failure to answer the second amended complaint is a direct result of Ohio Security's denial of coverage.

*Motion to set aside entry of default*

Federal Rule of Civil Procedure 55(c) states that "[t]he court may set aside an entry of default for good cause. . . ." Factors the district court should consider in deciding whether to set aside an entry of default are: (1) whether the moving party has a meritorious defense; (2) whether it acts with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) the prejudice to the party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. <u>Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.</u>, 616 F.3d 413, 417 (4th Cir. 2010) (quoting <u>Payne ex rel. Estate of Calzada v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006)). Of the strong preference for deciding cases on their merits rather than by a procedural default, our appeals court has noted:

> We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); Consolidated Masonry & Fireproofing, 383 F.2d at 251 ("Generally a default judgment should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

Id. A court's decision whether to set aside an entry of default is reviewed for an abuse of discretion. See id.

Upon consideration of the Colleton factors, the court is persuaded that good cause exists for setting aside the Clerk's entry of default against K R Enterprises. Regarding the first factor, K R Enterprises has satisfied its burden of coming forward with a meritorious defense. "All that is necessary to establish the existence of a meritorious defense is a presentation or proffer of evidence which, if believed, would permit the court to find for the defaulting party." Armor v. Michelin Tire Corp., 113 F.3d 1231, at *2 (4th Cir. 1997) (unpublished). A defendant moving to set aside default is "not required to present any particular kind of a defense, or persuade the Court of the ultimate validity of the defenses presented, in order to have a meritorious defense for purposes of setting aside default." Capital Concepts, Inc. v. CDI Media Group Corp., No. 3:14-cv-00014, 2014 WL 3748249, *6 (W.D. Va. July 29, 2014). The

4

simple question presented by this case is whether Ohio Security has a duty to defend and indemnify its insured, K R Enterprises, under the facts and circumstances of this case. Based upon the record, including the two answers previously filed by K R Enterprises, K R Enterprises has satisfied this court that it might possibly prevail, thereby satisfying its minimal burden to proffer a meritorious defense. See id. (noting that a defendant seeking to set aside a default has a "low bar for presenting a meritorious defense").

The second and third factors also weigh in favor of setting aside the entry of default against K R Enterprises. While K R Enterprises is ultimately responsible for failing to answer the second amended complaint in a timely manner, the record is clear that at that time K R Enterprises was without counsel. And, has as already been noted, it was without counsel because of its inability to pay legal fees which K R Enterprises contends is because of plaintiff's refusal to provide a defense. Therefore, this is not a case where a defendant has simply sat on its hands and done nothing but, rather, attempted to defend the action until financial concerns made it impossible to do so. Furthermore, once K R Enterprises retained its current counsel it acted with reasonable promptness in defending itself in this court. Counsel noted their appearance six days after Ohio Security moved to return this case to the active docket.

As to the prejudice factor, Ohio Security argues that it will be prejudiced because, while K R Enterprises was in default, it negotiated settlements with the other defendants.  However, K R Enterprises will certainly be prejudiced if not permitted the opportunity to defend this case on the merits.  Furthermore, this court has already stated its preference for deciding declaratory judgment actions on the merits.  For all these reasons, the court concludes that the prejudice to K R Enterprises by refusing to set aside the entry of default outweighs any prejudice to Ohio Security in doing so.

Nor can the court conclude that there is a history of dilatory action on the part of K R Enterprises in this litigation.  K R Enterprises actively defended itself while it had counsel.  Only after counsel was permitted to withdraw did K R Enterprises fail to answer the second amended complaint.  Finally, with respect to the sixth factor and Ohio Security's requests for costs and fees, the court does not find that such a sanction is warranted.

For the foregoing reasons, the renewed motion for default judgment is **DENIED** and the motion to set aside the Clerk's entry of default is **GRANTED**.  K R Enterprises is directed to file a responsive pleading within fourteen (14) days of entry of this Memorandum Opinion and Order.

The Clerk is directed to send copies of this Order to counsel of record and to any unrepresented parties.

**IT IS SO ORDERED** this 10th day of January, 2019.

ENTER:

David A. Faber
Senior United States District Judge